IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| VALERIE COOPER, | : | CIVIL ACTON |
| | : | NO. 07-1399 |
| | : | |
| v. | : | |
| | : | |
| PRICEWATERHOUSECOOPERS, | : | |
| | : | |

O'Neill, J.                                                                                  September 30, 2008

## **MEMORANDUM**

Plaintiff Valerie Cooper filed a complaint against defendant PricewaterhouseCoopers, seeking compensatory damages and other relief arising from defendant's alleged violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq. Presently before me are defendant's motion for summary judgment, plaintiff's response and defendant's reply thereto. For the reasons below, I will grant defendant's motion.

## BACKGROUND

Plaintiff alleges that defendant's termination of her employment was based on age discrimination and that defendant's explanation for her termination was a pretext for age discrimination. Plaintiff was employed with defendant PricewaterhouseCoopers first as a finance service coordinator in defendant's Atlanta office and then as a tax associate in defendant's Philadelphia office until her termination in September 2006. At the time of hire plaintiff was forty-nine years old.

Plaintiff began working with defendant in its Atlanta office. In January 2005, upon her request, she transferred to defendant's Philadelphia office. Due to differences in work projects between the two offices, plaintiff's work assignments and duties changed after her transfer.

After favorable evaluations in the Atlanta office, plaintiff received several poor evaluations in the Philadelphia office and was removed early from several projects including the Boca Raton, Audit and Mergers and Acquisitions projects.  In addition, on the Mergers and Acquisitions Project, plaintiff received the lowest rating on her evaluation.  Plaintiff received some favorable evaluations stating that she was "developing" in all areas during her periodic feedback evaluation for two research and development projects in 2005.  Plaintiff's annual evaluation for the 2006 fiscal year - the first evaluation based entirely on her work as a tax associate in the Philadelphia office - ranked her as "less than expected", down from "fully as expected" the previous year.  Plaintiff's utilization percentage for the 2006 fiscal year was considered low.

In December 2005, plaintiff began to discuss her interest in finding a new position at PricewaterhouseCoopers outside of client services.  Defendant gave plaintiff the opportunity to seek another position in the company.  Plaintiff applied for several jobs but was unsuccessful in finding a new position.

On August 16, 2006, after plaintiff returned to work from medical leave, she met with defendant's human resources manager for the Philadelphia office who informed plaintiff that she would be given two weeks to make progress towards an alternative position for which she was a viable candidate.  Plaintiff was informed that if she was unable to do so by September 1, 2006, she would be terminated.  On September 5, 2006, plaintiff told defendant's human resources manager that she had failed to obtain any viable leads on job opportunities.  Plaintiff was subsequently terminated.  Plaintiff was informed that the reason for her termination was her alleged poor performance as a tax associate and her inability to find another position in the company after deciding that she no longer wished to continue in that position.  At the time of her

termination, plaintiff was fifty-four years old.  Plaintiff alleges that after her termination all individuals hired by the defendant as tax associates were younger than she.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23.  If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255.  Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The adverse party therefore must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  However, the "existence of disputed

issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

DISCUSSION

Defendant alleges that plaintiff has failed to produce evidence to show that defendant's decision to terminate plaintiff's employment was based on plaintiff's age.  In establishing an employment discrimination claim, plaintiff must show a prima facie case of discrimination.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  Once this prima facie showing has been made, the burden shifts to defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."  Id.  If defendant succeeds with this showing, plaintiff must have the opportunity to demonstrate by a preponderance of the evidence that the reasons offered by defendant are merely pretext for discrimination.  See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1980).  The ultimate burden of showing defendant's intentional discrimination remains with plaintiff at all times.  See id.

I.  Prima Facie Case

Plaintiff has failed to establish a prima facie case of discriminatory discharge.  In order to establish a prima facie case of discriminatory discharge, plaintiff must show that:  (1) she is a member of a protected class (forty years or older); (2) she was qualified for the position; (3) she was discharged; and (4) she was replaced by a sufficiently younger employee.  See Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir. 1999).

Plaintiff was forty-nine years old at the time she was hired by defendant and fifty-four years old at the time that she was terminated by defendant.  Plaintiff was initially hired and approved for a transfer to the Philadelphia office to be employed as a tax associate which

sufficiently indicates that she possessed the qualifications for the position.  In September 2006, plaintiff was terminated by defendant.  Although the first three elements of plaintiff's prima facie discrimination case are met, plaintiff cannot establish that she was replaced by a sufficiently younger employee.

A prima facie case requires "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion. . . ."  O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996).  "Because the ADEA prohibits discrimination on the basis of age . . . the fact that a replacement is substantially younger than the plaintiff is a . . . reliable indicator of age discrimination."  Id. at 313.  While plaintiff need not present clear proof that she was replaced by a sufficiently younger person to create an inference of age discrimination, plaintiff must create the inference that she was discharged because of her age.  Roach v. American Radio Systems Corp., 80 F. Supp.2d 530, 531 (W.D. Pa. 1999).

Plaintiff contends that defendant terminated her in September 2006 and replaced her with a college-aged individual.  In plaintiff's deposition, she asserts that she was replaced by someone sufficiently younger; however she could not specify her replacement's name or even his or her age.  Further, she states that defendant hired many younger individuals as tax associates in July and September of 2006.  Although a list of name of those hired as tax associates after plaintiff was terminated is provided in a deposition, plaintiff does not provide any evidence that these individuals are substantially younger than she or even their ages.  No evidence has been produced outside of her own unsubstantiated deposition to show that she was replaced by a sufficiently younger employee.  Plaintiff cannot survive a summary judgment motion by relying on unsupported assertions, conclusory allegations or mere suspicions.  Willams, 891 F.2d at 460.

Thus, plaintiff has failed to prove that she was replaced by a substantially younger employee, and she has not met her burden of establishing a prima facie case of discriminatory discharge. I will grant defendant's motion for summary judgment.

II.     Legitimate, Nondiscriminatory Reasons

Even if plaintiff had established a prima facie case of discriminatory discharge, defendant has proffered a legitimate, nondiscriminatory reason for plaintiff's termination. Once plaintiff has successfully demonstrated her prima facie case, the burden shifts to defendant to "articulate some legitimate, nondiscriminatory reason" for the employment decision. McDonnell Douglas Corp., 411 U.S. at 802. In offering a legitimate, nondiscriminatory reason for its employment decision, defendant "must clearly set forth, through the introduction of admissible evidence, reasons for its actions, which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." Dorsey v. Pittsburgh Assoc., 90 Fed. Appx. 636, 639 (3d Cir. 2004), quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). In order for defendant's reason to be considered legitimate and nondiscriminatory, it is enough to present evidence that "raises a genuine issue of fact as to whether it discriminated against the plaintiff." Tex. Dep't of Cmty. Affairs, 450 U.S. at 254. Such evidence permits the "trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Id. at 255.

Defendant contends plaintiff was not discriminated against on the basis of her age but was in fact fired because her performance as a tax associate was poor and she failed to make progress towards another role within defendant's company after deciding she no longer wished to continue as a tax associate. Defendant has provided various documents as evidence of its reasons for plaintiff's discharge. Defendant alleges that plaintiff's deposition, her human

resources manager's and supervisor's depositions, copies of the plaintiff's project evaluations and email strings show that during plaintiff's employment in the defendant's Philadelphia office, information was consistently documented and conveyed to her about her job performance and the options available to her within the company.  Defendant's explanation and evidence that plaintiff's termination was based on her poor performance and failure to make progress towards another position would permit a "trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."  See Tex. Dep't of Cmty. Affairs, 450 U.S. at 254.  Therefore, defendant satisfies its burden to produce evidence showing a legitimate, nondiscriminatory reason for discharging plaintiff from employment.

III.     Pretext

Because defendant has presented evidence of legitimate, nondiscriminatory reasons, plaintiff must demonstrate by a preponderance of the evidence that the reasons offered by defendant are merely a pretext for discrimination.  Tex. Dep't of Cmty. Affairs, 450 U.S. at 253.  In establishing pretext, plaintiff must present evidence that either:  "(1) casts doubt upon each of the reasons offered by defendant for the employment action so that a fact-finder could reasonably conclude that each was a fabrication; or (2) allows the fact-finder to infer that discrimination was more likely than not the cause for the employment action."  Dorsey, 90 Fed. Appx. at 640, citing Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

In order to meet the first prong of Fuentes, plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence."  Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999), quoting Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108-1109 (3d Cir. 1997).   This standard is satisfied

7

if plaintiff demonstrates "through admissible evidence, that the employer's articulated reason was not merely wrong, but that it was 'so plainly wrong that it cannot have been the employer's real reason.'" Id., quoting Keller, 130 F.3d at 1109. Allegations made in affidavits supported by nothing more than the plaintiff's own beliefs are insufficient to support a claim of pretext. Jones, 198 F.3d at 412-414.

     Plaintiff has failed to support her claim of pretext with actual knowledge. Though plaintiff believes that defendant's proffered reasons for her termination were false, she has provided no reliable, factual evidence to discredit defendant's claim that it terminated her for poor job performance and inability to make progress toward another position. Plaintiff's beliefs, without more, are insufficient to support a claim of pretext. Plaintiff has not shown "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in these reasons to allow a factfinder to rationally find defendant's reasons "unworthy of credence" and reasonably infer the reasons were pretext for discrimination. Jones, 198 F.3d at 413. Thus, plaintiff fails to cast any credible doubt on the reasons offered by defendant to establish pretext. Dorsey, 90 Fed. Appx. at 640.

     If plaintiff fails to prove the first prong of the pretext analysis, she still has an opportunity to prove pretext under the second prong of Fuentes. In order to sustain a claim under the second prong, plaintiff must show that "discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes, 32 F.3d at 762. This test can be satisfied if plaintiff can demonstrate that the employer has previously discriminated against her, that the employer has previously discriminated against other persons in plaintiff's protected class or that the employer treated other similarly situated employees not within the protected class more favorably. Id. at 413, quoting Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir.

1998).

      Plaintiff contends that defendant treated her less favorably than younger tax associates. However, she has not produced any corroborating evidence to support this allegation. No evidence has been produced to show that the plaintiff is similarly situated to the individuals not within her protected class that she claims are more favorably treated. <u>Fuentes</u>, 32 F.3d at 762. For example, plaintiff alleges she was given different and fewer work assignments than the younger tax associates; however she has not produced any evidence to show that she was similarly situated to those individuals in for example, education or work experience. Plaintiff alleges that she was excluded from organized work-related lunches and dinners, but the only lunch that she specifically recalled not being invited to was organized for associate peer mentors and their intern peer mentees. Plaintiff does not allege she belonged in either group or that individuals not included in the group were permitted to attend and that such individuals were younger than she. Additionally, the only dinner she recalled being excluded from was organized for individuals who worked on a particular project, the name of which she could not remember, which plaintiff admitted she did not have a large role in. Plaintiff does not allege other individuals not within her protected class attended the dinner despite not having a large role in the project. Plaintiff alleges that she was terminated when other younger associates having lower utilization numbers were not; however she has provided no evidence to support this allegation or prove that she is similarly situated to her younger associates by providing for example ages or the actual employment status of the individuals. Plaintiff alleges that she did receive some positive performance evaluations and she never received any verbal or written discipline regarding her performance; however, an inference of discrimination does not arise because the plaintiff received some positive evaluations. See <u>Creely v. Genesis Health Ventures,</u>

Inc., 184 Fed. Appx. 197, 199-200 (3d Cir. 2006), holding that employer's decision to not rehire plaintiff due to poor work experience was not pretextual even though plaintiff had received both positive and negative evaluations.  In addition, although plaintiff may not have received information in the specific form of "discipline," she was made aware on numerous occasions through project and annual evaluations as well as from her career coach about defendant's problems with her work performance.  Finally, plaintiff alleges that she was not provided any orientation and/or training at the time of her transfer to the Philadelphia office while she witnessed younger associates receiving training.  However, she admits receiving orientation when she began work at the Atlanta office and fails to show that other interoffice transferees received a second orientation. Furthermore, in her deposition plaintiff contradicts her statement of not receiving training in the Philadelphia office when she admits to participating in an auditing training and the Tax Associate Series.  Finally, plaintiff alleges that when a project supervisor visited the Philadelphia office on two occasions, he did not talk to her or offer her advice but did offer it to younger associates.  However, even general hostility and a lack of supervisory support do not establish pretext.  Williams-McCoy v. Starz Encore Group, 2004 WL 356198 (E.D. Pa. Feb. 5, 2004).

     Plaintiff contends that the above allegations prove that younger tax associates were treated more favorably, but she has not presented any corroborating evidence other than her own beliefs to support her allegations.  As the non-moving party to a summary judgment motion, plaintiff must raise "more than a mere scintilla of evidence" in her favor and in order to survive she must do more than rely on "unsupported assertions, conclusory allegations, or mere suspicions."  Williams, 891 F.2d at 460.  Plaintiff has not provided any evidence to show age discrimination was more likely than not the motivating or determinative factor behind her

termination. <u>Dorsey</u>, 90 Fed.Appx. at 640. Therefore, she fails to show defendant's otherwise legitimate, nondiscriminatory reasons are pretextual.

## CONCLUSION

Viewing the evidence in the light most favorable to plaintiff, no genuine issues of material facts exist and plaintiff's claim fails. Plaintiff has failed to prove a prima facie case of discriminatory discharge. Even if a prima facie case were proven, plaintiff has not shown that defendant's otherwise legitimate, nondiscriminatory reason is pretextual. Therefore, I will grant defendant's motion for summary judgment.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERIE COOPER, | : | CIVIL ACTON |
| | : | NO. 07-1399 |
| | : | |
| v. | : | |
| | : | |
| PRICEWATERHOUSECOOPERS, | : | |
| | : | |

**ORDER**

AND NOW, this 30th day of September 2008, after considering defendant's motion for summary judgment, plaintiff's response and defendant's reply thereto, and for the reasons set forth in the accompanying memorandum, defendant's motion is GRANTED. Judgment is entered in favor of defendant PricewaterhouseCoopers and against plaintiff Valerie Cooper.


    /s/ THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.